[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY CHILD SUPPORT
The court having heard the parties regarding the plaintiff's motion for modification of child support, makes the following findings and conclusions.
The current order obliges the defendant to pay to the plaintiff the sum of $80.00 per week as support for the parties' minor child, Jessica. That order was entered as part of the January 5, 1990 judgment of dissolution, when the plaintiff's net income was $205.41 and the defendant's net income was $328.75. CT Page 8228
The defendant's 1990 obligation of $80.00 per week conforms precisely to what the guidelines would have called for if they had been applied in 1990.
The plaintiff's current net weekly income is $284.82 and the defendant's net weekly income is $389.40, if his 401(K) voluntary pension deduction is included as part of his net weekly income. The plaintiff argues that it should be so included and the court agrees.
If taken strictly by current support guideline standards, the combined net income of the parties is $674.22. The support obligation of the plaintiff and defendant should be $74.00 and $100.00 respectively, for a total support obligation of $174.00.
This calculation does not take into consideration the fact that the plaintiff's claim that her actual net income is further reduced by a weekly payment of $75.00 for day care expenses. Such unreimbursed child day care expense qualifies under the support guidelines as a special exemption to be subtracted from the custodial spouse's net income if that spouse is employed. Even if that amount were deducted, the parties reduced combined net income as applied to the correspondingly reduced amount of support due ($156.00), the guideline obligation of the defendant increases only $1.00 per week.
The defendant argues that the 1992 guidelines should not be arbitrarily applied to the present net income figures without consideration being given by the court to the defendant's current financial obligations. He cites Turner v. Turner, 219 Conn. 703 (1991) as his authority.
The law is well-settled that the support guidelines introduced in 1990 (P.A. 90-188) are retrospective in nature and the substantial deviation provision should be applied to all existing orders not merely those entered after October 1, 1990. Turner, supra p. 719, 720.
That same case also recognizes the continued discretion in the trial court to determine whether one movant has met the burden of establishing that the respondent's financial circumstances have so substantially changed as to warrant an order increasing the support obligation. Turner, supra, p. 711.
Based upon the evidence and testimony, the court finds that the defendant's net weekly income, even when enhanced by the inclusion of his 401(k) contribution, is not sufficient CT Page 8229 to meet his allowable weekly expenses. Considering the factors in their entirety, the court finds that the defendant's financial circumstances have not substantially changed in terms of his support obligation and that there is equitable reason to deviate from the guidelines.
For the foregoing reasons, the plaintiff's motion for modification of the defendant's $80.00 per week child support obligation is denied.
BY THE COURT:
J. W. DOHERTY, J.